UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHIDOZIE CHINWEUBA
          Plaintiff,

          -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE MICHELLE
MORRA shield No. 28880, DETECTIVE JOHN DOE
POLICE OFFICERS JOHN DOE NUMBER 1
THROUGH 2 in their individual and official capacities
as employees of the City of New York Police Department
                          Defendants.
-------------------------------------------------------------X

CV 14 — 4301

COMPLAINT AND
JURY DEMAND

BRODIE, J.

LEVY, M.J.

SUMMONS ISSUED

      The Plaintiff, CHIDOZIE CHINWEUBA, by his attorney, Amy Rameau Esq., of The Law Office of Amy Rameau, alleges the, following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

    1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against the Police Officers named above, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

3. Under 28 U.S.C. § 1391(a),(b),(c), venue is proper in the Eastern District of New York.

## PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. Plaintiff is an African-American single male. On Friday June 27, 2014, plaintiff was placed under arrest inside the Supreme Court building located at 320 Jay Street on suspicion of criminal conduct. Detectives cuffed plaintiff and transported plaintiff to the 70th precinct without incident. Attorney Cary London who represented plaintiff on an open case made it clear to the detectives that they were not to question plaintiff about the underlying facts of the alleged crime; however, once at the 70th precinct, plaintiff was placed in an interrogation room and subjected to questioning by detectives Michelle Moore and another detective described as relatively short, white or white Hispanic with a bald hairstyle (hereinafter detective John Doe). The detectives terrorized plaintiff and threatened to "pin all kinds of shit on [plaintiff]". The

detectives yelled and screamed at plaintiff and demanded he admit to committing several unsolved robberies. Plaintiff denied committing any crime. Plaintiff remained cuffed throughout the duration of the interrogation. When plaintiff continued to refuse to incriminate himself, the male detective attacked plaintiff, kicking him over and over again in the neck and in the stomach. Plaintiff experienced an asthma attack and requested that his asthma medication be returned to him. The detectives refused to provide plaintiff with the necessary medication.

12. As a result of this violent attack upon plaintiff, plaintiff sustained a broken rib and a damaged kidney. Plaintiff was later placed in a cell. While in the cell, plaintiff began to vomit bright red blood. Plaintiff cried out in pain and requested medical attention. The detectives refused to contact paramedics. A sergeant, having seen the bloody vomit, contacted paramedics and plaintiff was transported to Kings County Hospital and released with medication to stop the internal bleeding. Plaintiff was taken back to the 70th precinct where the same detectives threw away this medication. Plaintiff remained at the precinct overnight where he continued to vomit blood. The following day, Saturday June 28, 2014, plaintiff was taken to the Maimonides Medical Center for treatment near the 70th Precinct. Doctors at the Center informed plaintiff that he sustained internal injuries and gave him medication to stop the bleeding. Officers took plaintiff back to the precinct where he continued to vomit blood. Again the same detectives threw away plaintiff's medication.

13. Two days later on June 30, 2014, plaintiff was transported to Central Bookings where he continued to vomit and pee blood. Paramedics transported plaintiff from Central Bookings to Kings County Hospital yet again. This time plaintiff was admitted to the hospital where he remained for an entire week. The doctors confirmed that plaintiff sustained a broken

rib and damage to his kidney which in turn lead to an evaluation in plaintiff's creatinine levels. Plaintiff was told to follow up with an urologist immediately upon his release.

14. While at the 70th precinct, plaintiff begged for medical attention over and over again. Said medical attention was delayed. Plaintiff posed no threat to any police officer and plaintiff had committed no crime that would justify the detectives' conduct. Plaintiff posed no threat to any citizens.

15. All of the above was done in violation of state and federal law.

16. The POLICE OFFICERS mentioned herein employed unnecessary and unreasonable force against the plaintiff without cause.

17. As a result of this assault, Plaintiff sustained a number of serious physical injuries.

18. Defendant officers acted maliciously and intentionally, and said acts are examples of gross police misconduct.

19. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries including several bruises, contusions, laceration, scrapes, internal injuries to plaintiff's kidney, a broken rib, loss of liberty and psychological injury and suffering.

20. Plaintiff remains unable to engage in the daily activities he once performed due to the injuries he sustained from the defendants' assault upon him. Plaintiff is in constant pain.

21. The conduct of the defendant police officers in assaulting the plaintiff proximately caused serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

22. The arrest of the plaintiff was accomplished with the intentional use of excessive force. The defendant police officers acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

23. As a direct result of the acts alleged herein, the plaintiff has suffered severe physical injury and pain, severe mental pain and anguish, and severe emotional distress. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER EIGTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

24. The plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 23 as if fully set forth herein.

25. The conduct and actions of defendant officers acting under color of law and under their authority as a New York City Police Officer, in deliberately punching and kicking the plaintiff in the throat and abdomen, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

26. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

7

## SECOND CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT FOR STATE LAW VIOLATIONS

27. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 26 as if fully set forth herein.

28. The conduct of defendant officers and all other defendant officers mentioned herein, occurred while they were on duty, and in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents and employees and defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, and as a result the defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT are liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

29. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

## ASSAULT AND BATTERY

30. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 29 as if fully set forth herein.

31. By the actions described above, defendant officers did inflict assault and battery upon the plaintiff. The acts and conduct of the defendants were the direct proximate cause of injury and damage to the plaintiff and violated the statutory and common law rights as guaranteed by the laws and the Constitution of the State of New York.

32. As a result of the foregoing, the plaintiff sustained painful permanent injuries to his body and was made ill.

33. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

35. By the actions described above, defendant officer engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

36. As a result of the foregoing, the plaintiff was subjected to great humiliation, and was otherwise damaged and injured.

37. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM

### NEGLIGENCE

38. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 37 as if full set forth herein.

39. The defendants, jointly and severally, negligently caused severe physical injuries, denied medical treatment, and caused extreme emotional distress to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights guaranteed him by the laws and Constitution of the State of New York.

40. As a result of the foregoing, the plaintiff sustained painful injuries was subjected to great humiliation and emotional distress, was deprived of liberty and detained, and was otherwise damage and injured.

41. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM

### EXCESSIVE USE OF FORCE

### 42 U.S.C. § 1983

42. The plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 41 as if fully set forth herein.

43. The conduct and actions of defendant officers acting under color of law and under their authority as New York City Police Officers, in deliberately punching and kicking the plaintiff, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

44. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### REQUEST FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars on each of the plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action pursuant to 42 U.S.C. 1988;

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Dated: 7/10/14
Brooklyn, New York

Amy Rameau, Esq.
Law Offices of Amy Rameau Esq.,
16 Court St, Suite 2504
Brooklyn, NY 11241

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHIDOZIE, CHINWEUBA
                Plaintiff,

        -against-

THE CITY OF NEW YORK, NEW YORK CITY  )
POLICE DEPARTMENT, DETECTIVE MICHELLE
MOORE shield No. \_\_\_\_\_, DETECTIVE JOHN DOE
POLICE OFFICERS JOHN DOE NUMBER 1
THROUGH 2 in their individual and official capacities
as employees of the City of New York Police Department
                                      Defendants.
-------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

Amy Rameau, Esq.
Attorney for Plaintiff
16 Court Street, 2504
Brooklyn, NY
11241
Tel: 718.887.5536
Fax: 718.875.5440