UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

CHIDOZI CHINWEUBA,

        Plaintiffs,

    -against-

THE CITY OF NEW YORK, Detective Michelle Morra, Shield No. 28880, Detective William Ubieta, Shield No. 4277, Police Officer JOHN DOE # 1 through 2 in their individual and official capacities as employees of the City of New York,

        Defendants.

-------------------------------------------------------------- X

**AMENDED COMPLAINT**

14 CV 4301 (MKB)(RML)

Jury Trial Demanded

Plaintiff, CHIDOZI CHINWEUBA, by his attorney, the Rameau Law Firm, Esq., alleges the following, upon information and belief, for this Amended Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2. On June 27, 2014, Defendants Morra and Ubieta assaulted plaintiff at the 70th Precinct and seriously injured him, all without any justification or due cause.

3. Plaintiff seeks compensatory and punitive damages and an award

of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

6. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiff s federal claims.

## VENUE

7. Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

8. Plaintiff CHIDOZI CHINWEUBA was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

9. Defendant DETECTIVE MICHELLE MORRA, Shield No. 28880 was at all relevant times a detective or officer employed by the New York City Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of

2

New York and/ or the City of New York, and acting within the scope of his authority and employment. She is named here in his individual official capacities.

10. Defendant Morra at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

11. Defendant William Ubieta, Shield No. 4277 was at all relevant times a detective or officer employed by the New York City Department ("N.Y.P.D.") , acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual official capacities.

12. Defendant Ubieta at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

13. Defendants John Doe One through Two were at all relevant times an officer employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of his authority and employment.

14. At all times relevant defendants John Doe One through Two were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe One through Two.

15. At all times relevant herein, defendants John Doe One through

3

Two were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John Doe One through Two are sued in their individual and official capacities.

16. At all times relevant herein, defendants John Doe One through Two either directly participated or failed to intervene in the violation of Plaintiff's rights.

17. At all times relevant herein, all individual defendants were acting under color of state law.

18. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

19. The City was at all material times the public employer of defendant officers named herein.

20. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior.

**FACTUAL ALLEGATIONS**

21. Plaintiff is an African-American male.

22. On Friday, June 27, 2014, plaintiff was placed under arrest inside the Supreme Court building located at 320 Jay Street on suspicion of

4

criminal conduct.

23. Detectives handcuffed plaintiff and transported him to the 70th Precinct without incident.

24. Attorney Cary London, who represented plaintiff on an open case, made it clear to the detectives that they were not to question plaintiff about the underlying facts of the alleged crime.

25. However, once at the 70th Precinct, plaintiff was placed in an interrogation room and subjected to questioning by detectives Morra and Ubieta and John Does One through Two.

26. The defendants terrorized plaintiff and threatened to "pin all kinds of shit" on him.

27. The defendants yelled and screamed at plaintiff and demanded he admit to committing several unsolved robberies.

28. Plaintiff denied committing any crime.

29. Plaintiff remained cuffed throughout the duration of the interrogation.

30. When plaintiff continued to refuse to incriminate himself, defendant Ubieta attacked plaintiff, kicking him over and over again in the neck and in the stomach. He did this in the presence of defendants Morra and John Doe One through Two.

31. Plaintiff experienced an asthma attack and requested that his

asthma medication be returned to him.

32. The defendants refused to provide plaintiff with the necessary medication.

33. As a result of this violent attack upon plaintiff, plaintiff sustained a broken rib and a damaged kidney.

34. Plaintiff was later placed in a cell.

35. While in the cell, plaintiff began to vomit bright red blood.

36. Plaintiff cried out in pain and requested medical attention.

37. The defendants refused to contact paramedics.

38. A sergeant having seen the bloody vomit contacted paramedics and plaintiff was transported to Kings County Hospital and released with medication to stop the internal bleeding.

39. Plaintiff was taken back to the 70th Precinct where the same defendants threw away this medication.

40. Plaintiff remained at the precinct overnight where he continued to vomit blood.

41. The following day, Saturday, June 28, 2014, plaintiff was taken to Maimonides Medical Center for treatment.

42. Doctors there informed plaintiff that he sustained internal injuries and gave him medication to stop the bleeding.

43. Officers took plaintiff back to the precinct where he continued to vomit blood.

44. Again the same defendants threw way plaintiff's medication.

45. Two days later, on June 30, 2014, plaintiff was transported to Central Bookings where he continued to vomit and had blood in his urine.

46. Paramedics transported plaintiff from Central Bookings to Kings County Hospital yet again.

47. This time plaintiff was admitted to the hospital where he remained for a week.

48. The doctors confirmed that plaintiff sustained a broken rib and damage to his kidney which in turn led to an elevation of plaintiff's creatinine levels.

49. Plaintiff was told to follow up with an urologist immediately upon his release.

50. While at the 70th Precinct, plaintiff had begged for medical attention over and over.

51. The defendants intentionally delayed giving plaintiff medical attention.

52. Plaintiff posed no threat to any police officer and plaintiff had committed no crime that would justify the defendants' conduct.

53. Plaintiff posed no threat to any citizens.

54. All of the above was done in violation of state and federal law.

55. Defendants employed unnecessary and unreasonable force against the Plaintiff.

56. As a result of this assault, plaintiff sustained a number of serious physical injuries.

57. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct.

58. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish and serious injuries, including a broken rib, internal injuries to plaintiff's kidney, bruises, lacerations, contusions, scrapes, and psychological injury and suffering.

59. Plaintiff remains unable to engage in the daily activities he once performed due to the injuries he sustained from the defendants' assault upon him. Plaintiff is in constant pain.

60. The conduct of the individual defendants in assaulting the plaintiff an denying him medical attention directly and proximately caused serious physical and emotional injury, pain and suffering,, mental anguish, humiliation and embarrassment.

61. The arrest of plaintiff was accomplished with the intentional use of excessive force.

62. The defendant police officers acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

63. As a direct result of the acts alleged herein, the plaintiff has suffered severe physical injury and pain, severa mental pain and anguish, and severe emotional distress. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

## COUNT ONE
### Excessive Use of Force, 42 U.S.C. § 1983
### Against All Individual Defendants

64. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

65. The Defendants intentionally touched Plaintiff for both incidents.

66. The Defendants' touching of Plaintiff involved the use of excessive physical force and caused and/ or exacerbated serious injuries to Plaintiff.

67. Plaintiff did not consent to the excessive physical contact by any of the Defendants, and they lacked legal justification, excuse, or privilege for their conduct.

68. By virtue of the foregoing, the Defendants each deprived Plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

69. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

70. As a direct and proximate result of the misconduct and abuse

9

of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT TWO
## Assault and Battery, New York State Tort Law
## Against All Defendants

71. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

72. The Police Defendants intentionally touched Plaintiff and caused him serious physical injury in the October 2014 incident.

73. The Police Defendants' touching of Plaintiff was harmful and offensive and occurred without legal justification, excuse, or privilege.

74. Plaintiff did not consent to physical contact by any of the Defendants.

75. By virtue of the foregoing, the Police Defendants each deprived Plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

76. The Police Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such unlawful conduct, had a duty to intervene and prevent such unlawful conduct, and knowingly and intentionally failed to intervene.

77. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT THREE
### *Respondeat Superior* Liability
### Against the City of New York

78. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

79. The aforementioned conduct of the Defendants occurred while they were on duty and was within the scope of their authority as officers.

80. Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of *respond eat superior* for the actions of the officers in the October 2014 arrest.

## COUNT FOUR
### Failure to Intervene
### Against Individual Defendants

81. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

82. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

83. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

84. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## COUNT FIVE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against All Defendants

85. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

86. By the actions described above, defendant officers engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to the plaintiff.

87. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

88. As a result of the foregoing, the plaintiff was subjected to great humiliation, and was otherwise damaged and injured.

89. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

12

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated:   Brooklyn, New York
         September 6, 2016

_____
Afsaan Saleem, Esq.
The Rameau Law Firm
16 Court St, Suite 2504
Brooklyn, NY 11241
Phone: (718) 852-4759
saleemlawny@gmail.com
rameaulawny@gmail.com